J. P. SCRANTON LUMBER CO. *v.* WAYNE CIRCUIT JUDGE.

1. JUSTICES OF THE PEACE—SPECIAL APPEALS—NOTICE.

Under section 10 of Act No. 460, Local Acts 1895, limiting the absolute right of appeal from justices' judgments in the city of Detroit to cases where the amount involved is not less than $50, but providing that an appeal may be authorized by the circuit court when justice requires it, and further providing that, in all cases where the party against whom such appeal is sought has appeared in justice's court by an attorney, it shall be sufficient to serve such attorney with notice of subsequent proceedings, it is necessary that the opposite party or his attorney have notice of an application for an appeal, and have an opportunity to be heard before the same is allowed.

2. SAME—LENGTH OF NOTICE—HOW GOVERNED.

Since the statute does not specify the length of time of such notice, the notice required will be governed by the circuit court rules relating to special motions.

*Mandamus* by the J. P. Scranton Lumber Company to compel Joseph W. Donovan, circuit judge of Wayne county, to set aside an order allowing an appeal from a justice's judgment. Submitted January 5, 1897. Writ granted February 18, 1897.

*Trevor & Trevor*, for relator.

*Adam E. Bloom*, for respondent.

LONG, C. J. On October 9, 1896, relator commenced suit against Edward Frohlich, doing business as the Edward Frohlich Glass Company, before a justice of the peace in the city of Detroit. On the return day both parties appeared by their attorneys. The action was in *assumpsit*, and the defendant pleaded the general issue with notice of set-off and recoupment. On the trial the relator had verdict and judgment for $37.19 damages, and $2 costs. This judgment was rendered on November 21, 1896, and on November 24th the defendant applied to the respondent for an order allowing an appeal to the circuit court, tendering an appeal bond. An order was made granting the appeal, and a return made to the circuit court on December 12th following. No notice was given to the relator or its attorneys of the application for the order of appeal. The appeal having come to the attention of the relator, it moved the court to set the same aside. This motion being denied, it presented a petition to this court asking a *mandamus* to compel the respondent to set aside the order.

The respondent has made a return to the order to show cause issued by this court, and accompanies his return with an affidavit made by the defendant in the case, which was presented to him at the time the order for the appeal was made. That affidavit sets out, in substance, the commencement of the suit in justice's court, the trial of it, and the rendition of the judgment against the defendant, and avers that "the judgment is most unlawful and unjust, and a wrong to your petitioner." The affidavit is made by Edward Frohlich, and recites—

"That J. P. Scranton, at the head of the J. P. Scranton Lumber Company, instructed this deponent that all merchandise sold by deponent to the Casket & Shell Company, of which said Scranton was treasurer, would be paid by said Scranton Lumber Company; that deponent

from time to time sold certain merchandise to said Casket & Shell Company, and the payment therefor was received from the Scranton Lumber Company; that said J. P. Scranton was treasurer of both the Scranton Lumber Company and the Casket & Shell Company; that the attorney, one Trevor, was the general manager of the Casket & Shell Company, and director in the other, and both concerns were under the same management; that both institutions are now insolvent, and there is now a balance due petitioner of $5.85, instead of your petitioner being in debt $37.19, as rendered by the court; that the said Casket & Shell Company had no credit whatever with the deponent, and it was only upon the understanding and agreement made with the J. P. Scranton Lumber Company that all merchandise sold to the Casket & Shell Company would be paid by the Scranton Lumber Company that said sales were made; that said sales so made were adopted and ratified by the Scranton Lumber Company, and paid, to the amount of about $53, and a balance of $37.19, for which judgment was rendered, said J. P. Scranton Lumber Company repudiates and refuses to pay, and which deponent avers and maintains is part of its contract made and had between them, and that said judgment is unjust to deponent."

The affiant then asks that an appeal be allowed. The respondent returns that—

"Upon presentation to me of the annexed affidavit of Edward Frohlich, and upon reading the same, it became apparent to me, and I was of the opinion, that injustice had been done to said Edward Frohlich Glass Company, and an unjust judgment rendered therein. I did, in pursuance of section 10, Act No. 460, Local Acts 1895, appertaining to justices' courts of Detroit, and in pursuance of the discretion therein vested in the court, and construing the act that no notice being required, it being sufficient and satisfactory to the court that justice required that said appeal be granted to petitioner, I caused an order to be entered to that effect."

Section 10 of the act referred to provides:

"No appeal shall be taken from any judgment of any justice of the peace in said city of Detroit, except in the following cases:

"*First.* When said justice shall disallow any claim

in favor of any plaintiff or defendant in any cause in said justices' courts, in whole or in part, to the amount of $50.

" *Second.* When such justice shall render a judgment to the amount of $50, exclusive of costs,—in either of which cases the party aggrieved may appeal.

" *Third.* Appeals may be authorized by the circuit court of the county of Wayne when the party making the appeal has been prevented from making a defense upon the merits of the cause in which such appeal is taken by circumstances not under his control, and such appeal may also be authorized when justice requires that such appeal should be authorized; and, in all cases where the party against whom such appeal is sought has appeared in said justices' courts by an attorney or agent, it will be sufficient to serve such attorney or agent with the notices of all subsequent proceedings in such cause, and all orders made therein by said circuit court may be served on said attorney or agent, and such service shall have the same effect as though made on the party against whom such appeal is taken."

It is contended by counsel for relator that the respondent had no power to allow the appeal, for the reasons (1) that no notice of the motion or affidavit upon which the hearing was had which culminated in the order aforesaid was served upon the plaintiff or its attorney, as provided by law; (2) that said plaintiff was not present nor represented at said hearing, nor did said plaintiff or its attorney have any knowledge or reason to believe that said hearing was to be had, nor did said plaintiff or its attorney know of said hearing or order until the same had been had. It is not contended that the defendant was prevented from making a defense upon the merits before the justice, and the sole ground upon which the appeal is asked is that justice requires that said appeal should be authorized.

We are of the opinion that, under the third subdivision of section 10 of the act referred to, parties making application for an appeal must give notice to the opposite party by serving upon him, his attorney or agent, the petition and grounds of the motion, and the affidavit upon which

the same is based; and that such opposite party shall have an opportunity to be heard before the circuit court before such appeal is allowed. That subdivision provides for such notice. While it does not provide for the length of time to be contained in the notice, we think the time is governed by the circuit court rules pertaining to special motions.

We think the court below was in error in granting leave to appeal, without notice to the opposite party and an opportunity to be heard. The writ of *mandamus* must be granted as prayed.

The other Justices concurred.